UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

R. THOMAS SCHMIDT,                                                                                       Plaintiff,

v.                                                                         Civil Action No. 1:15-cv-80-DJH-HBB

SOUTHERN BLUEGRASS CABINETRY
AND CASEWORK, LLC,                                                                                     Defendant.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

  This action was filed on June 26, 2015.  (Docket No. 1)  On August 17, 2015, Defendant Southern Bluegrass Cabinetry and Casework, LLC attempted to file an answer via its co-owner Luke Wilson.  Because an artificial entity cannot be represented by a non-lawyer, *see In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 293 (Bankr. N.D. Ohio 2001), the Court ordered that answer stricken from the docket and granted Southern Bluegrass an additional period of thirty days within which to obtain counsel and respond to the complaint.  (D.N. 12)  When it failed to do so, the Court referred the case to Magistrate Judge H. Brent Brennenstuhl for a status conference.  (D.N. 13)  Southern Bluegrass was ordered to have a representative present at the conference.  (*Id.*; D.N. 14)  After the conference was set, Plaintiff R. Thomas Schmidt filed a motion for default judgment.  (D.N. 15)

  Southern Bluegrass failed to appear at the status conference before Judge Brennenstuhl on November 4, 2015.  (*See* D.N. 16)  The following day, Wilson filed a notice of his own Chapter 7 bankruptcy filing.  (D.N. 17)  Schmidt responded to the notice, asserting that the bankruptcy code's automatic-stay provision, 11 U.S.C. § 362, does not affect his claims against Southern Bluegrass.  (D.N. 18)  He reiterated his request for default judgment.  (*See id.*)

1

Schmidt is correct that the automatic stay is inapplicable. Section 362(a)(1) stays actions only against the debtor; it "does not protect separate legal entities" such as limited liability companies. 3-362 *Collier on Bankruptcy* P 362.03 (16th ed. 2015); *see In re Burgess*, No. 310-02023, 2010 Bankr. LEXIS 1352, at *1-2 (Bankr. M.D. Tenn. Apr. 26, 2010). Although the stay may be extended to non-debtor entities in "unusual circumstances," *In re Burgess*, 2010 Bankr. LEXIS 1352, at *2, no unusual circumstances are evident here. In any event, such an extension would be accomplished through an injunction issued by the bankruptcy court, not by this Court. *See Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993).

The fact that Schmidt's claims are not stayed does not mean he is entitled to default judgment, however. Schmidt has not sought entry of default, a prerequisite to default judgment. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2682, at 13 (3d ed. 1998))). Because there has been no entry of default by the Clerk in this case, Schmidt's motion for default judgment is procedurally improper at this juncture. *See id.* at 16. Accordingly, and the Court being sufficiently advised, it is hereby

**ORDERED** that the Motion for Default Judgment (D.N. 15) is **DENIED** without prejudice.

November 30, 2015

**David J. Hale, Judge**
**United States District Court**

2